IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TYRESE DREW,** <br><br> **Plaintiff,** <br><br> v. <br> **CORECIVIC, Inc., et al.,** <br><br> **Defendants.** | **Case No.: 6:23-cv-00286-JAR** |

**PLAINTIFF'S RESPONSE TO CORECIVIC'S APPLICATION FOR ORDER DIRECTING PREPARATION OF *MARTINEZ* REPORT AND HOLDING IN ABEYANCE ANSWER OR RESPONSE DEADLINE**

**I. INTRODUCTION**

This is not a pro se action. Thus, the Court lacks authority to order the "*Martinez* report" requested by Defendant. Nor is this the typical *likely frivolous* pro se "prisoner suit" that *Martinez* was designed to mitigate. Instead, Plaintiff was brutally assaulted while in Defendant's custody—and there is good evidence that Defendant's personnel were involved in and/or facilitated that assault.

Plaintiff was initially housed at Lawton Correctional Facility but was transferred to Davis Correctional Facility (run by Defendant CoreCivic) after experiencing threats of violence and actual violence for her status as a transgendered woman (born male but feminine in presentation). Upon her arrival, Plaintiff told the staff at Davis about her experience at Lawton and her concerns that she would again be attacked. When such threats materialized, Plaintiff asked Defendant to protect her. Defendants instead often left Plaintiff unguarded and vulnerable to attack. Ultimately, Plaintiff requested that she be placed in solitary confinement—for her own protection.

1

On the day Plaintiff was assaulted, Defendant Scott, a Davis Correctional Officer, left Plaintiff alone and unguarded in an outdoor fenced area called the "cage." Two inmates, "Wainscott" and "Barrett," were able to obtain a set of clippers which they then used to cut the wire at the top of the cage so that they could enter the cage to assault Plaintiff. Wainscott and Barrett beat Plaintiff mercilessly causing several serious injuries including a debilitating brain injury. Plaintiff was in a vegetative state for some 225 days after the assault and was left with severe cognitive and neurological impairment and left-side paralysis. Though Plaintiff ultimately regained consciousness, she now requires round the clock care. She cannot bathe, eat, or use the toilet without assistance. Plaintiff was paroled in October of 2022 (so that the Department of Corrections would no longer have to pay for her care).

It is now known that Defendant Scott was involved in a close relationship with inmate Wainscott. It is believed that Scott aided or at least facilitated the attack on Plaintiff. But Scott is not the only correctional officer who enabled the history of violence against Plaintiff. As noted above, even before Plaintiff was brutally beaten by Wainscott and Barrett, she had been routinely left unguarded by Defendants' with their full knowledge of her vulnerability to attack. It is also now known that what happened to Plaintiff under CoreCivic's care was no isolated incident. CoreCivic (and Davis Correctional Facility) have a long, substantiated history of violence against vulnerable inmates that far exceeds the national average for similar facilities. To this point, CoreCivic is the subject of an FBI investigation as well as investigations from at least two states' Departments of Corrections for its unusual history of violence—and for hiding evidence that is has routinely failed to

protect vulnerable inmates from *expected* violence.

Rather than answer Plaintiff's complaint, CoreCivic asks the Court to stay proceedings and order a "*Martinez* report." Not only should the Court not grant the request, but the relevant statutory scheme does not even give the Court power to grant such relief. That is because a *Martinez* report is a function of the pro se *in forma pauperis* statute, 28 U.S.C. § 1915. Per § 1915(e), a court may dismiss such a pro se prisoner's suit if the court determines that the allegation of poverty is untrue or if the action is frivolous, fails to state a claim, or seeks damages against a defendant with suit immunity. That this is a procedure for use in pro se suits only is made clear in the very cases cited by Defendant. The reason for this dichotomy is clear and simple: "Prisoner pro se civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to the court's disciplinary sanctions." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) (cited along with *Martinez v. Aaron,* in *Hall v. Bellmon*). Here by contrast to the cited cases, this gravely injured Plaintiff is represented by experienced legal counsel who are subject to all the disciplinary rules and sanctions applicable to officers of the court. The Court must deny Defendant's application since the relevant statute has no application to a represented plaintiff.

## II. ARGUMENT AND AUTHORITY

Defendant is simply wrong with its claim that ascertaining the factual and legal basis for a prisoner's claim is "not altered . . . because a plaintiff has retained counsel." Perhaps the need to do so exists, but the means do not include the requested relief. The means for ascertaining the factual and legal basis for a represented plaintiff are the usual means such

as a motion to dismiss or for summary judgment. To this point, Defendant concedes that "a *Martinez* report is usually ordered when the plaintiff is a pro se prisoner." Indeed! That is because the statutory basis for such a report is derived <u>solely</u> from the pro se *in forma pauperis* statute. This is evident even in the cases cited by Defendant.

First, there is *Martinez*. That was a suit by twelve inmates at the New Mexico State Penitentiary. They alleged that prison officials "stole" cigarettes, coffee, toothpaste, and underwear during a contraband search. The district court ordered *the prison officials to investigate*, including *interrogating the prisoners* to create a "record" to assist the court in deciding whether the claims were "frivolous" <u>as set out in 28 U.S.C. § 1915</u>.[1] *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978).

Defendant then cites *Hall v. Bellmon* for a proposition that such a report "may be necessary" in a prisoner suit. Defendant omits the important introductory clause to this holding from *Hall*. Here is the holding in its entirety: "When **the pro se plaintiff** is a prisoner, a court-authorized investigation and report by prison officials (referred to as a Martinez report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Emphasis added. The above holding comes after the court had already explained that the case was about "the procedure and law

---

[1] The court also ordered the report to aid answer the jurisdictional question of whether the Plaintiff had exhausted administrative remedies. The Supreme Court has since abrogate this pleading requirement. See, e.g., *McGhee v. Williams*, No. CIV-04-0239 MV/LAM, 2007 U.S. Dist. LEXIS 117924, at *4 (D.N.M. Aug. 23, 2007) (that requirement would not apply here, regardless, since Plaintiff was no longer incarcerated when suit was filed. E.g., *Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005).

applicable to the three most common pretrial points at which a district court may dispose of a pro se complaint." *Id.* at 1108. Emphasis added.

After the above, the court explains that § 1915 permits the court to dispose of frivolous or malicious claims. *Id.* A claim is frivolous for § 1915 purposes if it contains "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Id.* The court then explains the purpose of this portion of § 1915 "is 'to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate. . . .'" *Id.* Emphasis added. Finally, the court makes clear that the "purpose" of the *Martinez* report is to "aid[] the court in its broad reading of the pro se litigant's pleadings . . . by supplementing a [pro se] plaintiff's often inadequate description of the practices that he contends are unconstitutional." *Id.* at 1112. Thus, *Hall,* consistently with the statute also limits the *Martinez* report to pro se cases.

In addition to citing *Martinez* for authority for such reports, *Hall* also cites *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987). *Gee* was quoted in the introduction for its explanation of the purpose of § 1915: "Prisoner pro se civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to the court's disciplinary sanctions." *Id.* at 1007. The reason the courts need a special procedure for pro se prisoner suits is because: "Prisoners with time on their hands may seek a short sabbatical in the form of a trip to court, and they may even use complaints to harass guards and other prison officials." *Id.* The undersigned can assure the Court that she does not seek such a federal court "sabbatical" and that she has more productive tasks than "harassment" to occupy her time.

*Gee* also makes clear, like *Hall,* that the purpose of the *Martinez* report is to clarify a pro se litigants "conclusional allegations." *Id.* That is so the court can "ascertain whether there is a legal as well as a factual basis for the prisoner's claims." *Id.* There is nothing conclusory about Plaintiff's allegations, here. They are quite detailed and fully describe the complained of conduct.

### III. CONCLUSION

Defendant requests relief to which it is not entitled. The report referenced in *Martinez v. Aaron* is a creation of the pro se *in forma pauperis* statute that has no application to a represented party. The application must be denied.

Respectfully submitted,

/s/ A. Laurie Koller
A. Laurie Koller, OBA #16857
Ashley H. Leavitt, OBA #32818
Koller Trial Law, PLLC
laurie@kollertriallaw.com
ashley@kollertriallaw.com

and:

James B. Buxton, OBA #19057
Buxton Law Group
511 Couch Dr., 3rd Floor
Oklahoma City OK 73102
jim@buxtonlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

Darrell L. Moore

_____/s/A. Laurie Koller_____